IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

                          **CRIMINAL ACTION NO. 5:99CR11**
                          **(Judge Stamp)**

**MICHAEL WILLIAMS,**

    **Defendant.**

## ORDER

Pending before the Court is the June 15, 2005 Motion to Amend or Reduce Sentence filed by the defendant, Michael Williams ["Williams"].

On October 4, 1999, Williams was sentenced to 141 months incarceration for conspiracy to distribute cocaine. Williams neither filed an appeal from his conviction and sentence, nor sought to have his sentence vacated pursuant to 28 U.S.C. §2255.

Now, Williams seeks to reduce his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, Williams asserts that his sentence violates his Fifth and Sixth Amendment rights because the amount of drugs was unproven and uncharged. Williams asserts he should have been held responsible for no more than .27 grams of crack, and requests that his offense level be reduced by 111 months.

First, the Federal Rules of Civil Procedure apply to "suits of a civil nature." Fed. R. Civ. P. 1. The Rules of Civil Procedure do not apply in criminal cases. See e.g. United States v. O'Keefe, 169 F. 3d 281, 289 (5th Cir. 1999)(citing United States v. Mosavi, 138 F. 3d 1365, 1366 (11th Cir. 1996); United States v. Leake, 2004 WL 1013350, 96 Fed. Appx. 873 (4th Cir. 2004)(unpublished).

Moreover, because Williams is seeking to have his sentence reduced, he is actually requesting habeas relief and the Court can treat a Rule 60(b) motion as a habeas motion. See Hunt v. Nuth, 57 F.3d 1327 (4th Cir. 1995), cert. denied, 516 U.S. 1054 (1996); see also United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003)(when the petitioner is not seeking to correct a defect in the collateral review process, the petition must be treated as a §2255 motion).

Williams asserts that his Rule 60(b) motion is not to be construed as a successive petition. However, he has never filed a §2255 motion before. Thus, there is no successive issue. The Court recognizes that pursuant to Castro v. United States, 540 U.S. 375 (2003) and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002) prior to recharacterizing a defendant's motion as a §2255 motion, a district court is required to give the defendant notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, advise him of the one-year statute of limitations and the four dates in §2255 which begin the statute of limitationsand provide him with an opportunity to withdraw or amend the motion.

However, the Court finds that Williams will not be harmed by recharacterizing the Motion for Modification as a §2255 motion without his permission because, as discussed later, this motion is untimely. See Randolph v. United States, 106 Fed.Appx. 152, 153 (4th Cir.2004)(unpublished); Outer v. Conley, 112 Fed. Appx. 284 (4th Cir. 2004)(unpublished).[1]

Therefore, the Court finds that Williams' motion should be converted to a §2255 motion and has considered whether Williams is entitled to relief under 28 U.S.C. §2255.

---

[1] Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

The Supreme Court decisions of Blakely v. Washington, 530 U.S. 466 (2004) and United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005) prompted Williams to file the instant motion.[2] However, William's conviction became final long before Booker and Blakely were decided.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[3]

The limitation period shall run from the last of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

---

[2]Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
   The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. .

[3]The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

made retroactively applicable to cases on collateral review[4]; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Clearly, Williams' motion is untimely under subsection one. Because Williams does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts, subsections 2 and 3 do not apply. The Court further finds that subsection 3 does not apply because the Supreme Court has not made Booker retroactively applicable to cases on collateral review. Moreover, while the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively to convictions which became final prior to Booker being decided. See See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); and Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the Court finds that the Williams is not entitled to have Blakely, now Booker, applied retroactively to his sentence.

Accordingly, for the foregoing reasons, the Court construes Williams' Motion to Amend as a §2255 motion and denies it because Blakely and Booker do not apply retroactively and the motion is untimely.

---

[4] The one-year limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005).

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk of the Court is directed to transmit copies of this Order to the Defendant and to counsel of record herein.

DATED: September 20, 2005

*Frederick P. Stamp*
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

H

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.
Raymond OUTLER, Petitioner--Appellant,
v.
Joyce K. CONLEY, Respondent--Appellee.
No. 03-7574.

Submitted Feb. 25, 2004.
Decided Nov. 4, 2004.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Chief District Judge. (CA-99-213-5).

Raymond Outler, Appellant pro se. Michael Lee Keller, Office of the United States Attorney, Charleston, West Virginia, for Appellee.

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

Raymond Outler appeals the district court's order accepting the report and recommendation of a magistrate judge and denying his Fed.R.Civ.P. 60(b)(5) motion to reconsider the earlier denial of his 28 U.S.C. § 2241 (2000) petition. Outler argues that the denial of his § 2241 petition was based in part on a Southern District of Georgia district court's improper decision to recharacterize a motion for a new trial as a proceeding under 28 U.S.C. § 2255 (2000). The Georgia district court did not give Outler notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on second or successive habeas motions, or provide him with an opportunity to withdraw or amend the motion. See Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003); see also United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002).

However, we find no reversible error in this case. Outler's convictions became final before the inception of the AEDPA; therefore, he could file a § 2255 motion no later than April 24, 1997. Outler did not file the § 2241 petition, in which he clearly sought habeas relief, until March 16, 1999, well beyond the one-year statute of limitations applicable to habeas motions. Thus, even if the Georgia district court had provided Outler with the notice and warnings required under Castro and Emmanuel, Outler could not have salvaged any habeas claim in his § 2241 petition. See, e.g., Emmanuel, 288 F.3d at 650 (providing that where the failure to provide notice to movant results in no adverse consequences, such failure is harmless error).

*285 The denial of a Rule 60(b) motion is a final order and subject to 28 U.S.C. § 2253(c)(1)'s certificate of appealability requirement. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir.2004). A final order in a § 2255 action is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). Outler may satisfy this requirement by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Outler has not made the requisite

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

showing.

Accordingly, we deny a certificate of appealability, deny Outler's motion for summary disposition and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

112 Fed.Appx. 284

**Briefs and Other Related Documents (Back to top)**

- 03-7574 (Docket)
(Oct. 09, 2003)

END OF DOCUMENT

---

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.
James Edward RANDOLPH, a/k/a Main,
Petitioner-Appellant,
v.
UNITED STATES of America,
Respondent-Appellee.
**No. 04-6304.**

Submitted: June 30, 2004.
Decided: July 16, 2004.

**Background:** Following his criminal conviction, movant filed post-conviction pleading styled as motion for relief from judgment. The United States District Court for the District of South Carolina, Cameron McGowan Currie, J., characterized pleading as initial motion for writ of habeas corpus, and dismissed motion. Movant appealed.

**[1] Habeas Corpus**
**847**
197k847 Most Cited Cases
District court's erroneous failure to inform post-conviction movant of its intent to recharacterize his motion, styled as motion for relief from judgment, as initial motion for writ of habeas corpus, to warn defendant that such recharacterization would render any subsequent motion seeking habeas relief subject to restrictions on second or successive motions, or to provide defendant with opportunity to withdraw or amend motion was harmless, where motion at issue clearly sought habeas relief and was untimely. 28 U.S.C.A. § 2255; Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A.

**[2] Criminal Law**
**1073**
110k1073 Most Cited Cases
Post-conviction movant was not entitled to certificate of appealability (COA) with respect to district court's dismissal of his motion, where district court's dispositive procedural ruling was not reasonably debatable. 28 U.S.C.A. §§ 2253(c)(1, 2), 2255.

*153 Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-95-407-3; CA-03-4159-3-22).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

James Edward Randolph, Appellant pro se.

Christopher Todd Hagins, Office of the United States Attorney, Columbia, South Carolina, for

to, but did not, give him notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide him with an opportunity to withdraw or amend the motion. *See Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003); *see also United States v. Emmanuel,* 288 F.3d 644, 649 (4th Cir.2002).

However, we find no reversible error in this case. The mandate of this court affirming Randolph's conviction and sentence issued on April 18, 1997. Randolph did not file the pleading at issue, in which he clearly seeks habeas relief, until December 29, 2003, well beyond the one-year statute of limitations applicable to habeas petitions. Thus, even if the district court *154 had provided Randolph with the requisite notice and warnings required under *Castro* and *Emmanuel,* Randolph could not have salvaged any habeas claim. *See, e.g., Emmanuel,* 288 F.3d at 650 (providing that where the failure to provide notice to movant results in no adverse consequences, such failure is harmless error).

[2] A final order in a § 2255 action is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). Randolph may satisfy this requirement by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Randolph has not made the requisite showing because, under *Emmanuel, the district court's dispositive procedural ruling is not reasonably debatable.*

*Accordingly, we deny a certificate of appealability and dismiss Randolph's appeal. However, we note that in the event Randolph subsequently files a § 2255 motion, the district court's failure to provide Randolph with the requisite warnings associated with recharacterizing his pleading as an initial § 2255 motion precludes the court from considering*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Randolph's presently recharacterized § 2255 motion as his first such motion and applying the successiveness restrictions under § 2255.* See *Castro,* 540 U.S. at ----, 124 S. Ct. at 793. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

106 Fed.Appx. 152

**Briefs and Other Related Documents (Back to top)**

- 04-6304 (Docket) (Feb. 23, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.